UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

SUMAN DEVI

VERSUS

WARDEN RICHWOOD CORRECTIONAL
CENTER ET AL

CASE NO. 3:26-CV-01921 SEC P

JUDGE JAMES D. CAIN, JR.

MAGISTRATE JUDGE CAROL B.
WHITEHURST

## MEMORANDUM ORDER

Before the court is a Motion for Temporary Restraining Order [doc. 2] filed by immigration detainee Suman Devi, in connection with her pending petition for writ of habeas corpus. *See* doc. 1. Ms. Nguikoh, a native of India, was paroled into this country in 2024 and then rearrested in January 2026. Her application for asylum and withholding of removal were granted in March 2026, though DHS has filed an appeal of that decision. *See* doc. 1, ¶¶ 4–6. She argues that her arrest and detention violate her right to due process.

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's

discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *see also Suburban Propane, L.P. v. D & S GCTX LLC*, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

The petitioner's request for immediate release demonstrates no threat of imminent harm beyond the ordinary hardships presented to every detainee. Instead, she merely seeks to accelerate her request for the ultimate relief requested under her habeas petition. Courts should not allow petitioners to skip the line on habeas review by dressing their petitions as TRO's. *See Rodriguez v. Lyons*, 2025 WL 3553742, at *1 (W.D. La. Dec. 8, 2025) (denying a "motion to decide my habeas petition now."); *Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) ("[T]he purpose of injunctive relief is to preserve the status quo; it is not to give the movant the ultimate relief he seeks."). Accordingly, **IT IS ORDERED** that the Motion [doc. 2] be **DENIED**. The matter is referred to the magistrate judge for expedited review.

**THUS DONE AND SIGNED** in Chambers on the 11th day of June, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**